IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO TRAYLOR,<br>    Petitioner, | )<br>)<br>) |
| vs. | )   No. 3:23-CV-2432-K-BH |
| | ) |
| BOBBY LUMPKIN,<br>    Respondent. | )<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 2, 2023 (doc. 3), should be **DISMISSED** with prejudice as barred by the prior filing sanctions imposed against him by this Court.

### I.   BACKGROUND

Alonzo Traylor (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1992 conviction and sentence in Cause No. F-91-71401-QT in the 283rd Judicial District Court of Dallas County, Texas. (*See* doc. 3 at 2.)

On March 26, 1992, Petitioner was convicted of possession of cocaine with intent to deliver, enhanced, in Cause No. F-91-71401-QT in the 283rd Judicial District Court of Dallas County, Texas, and sentenced to 35 years' imprisonment. (*See id.* at 2); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex. App.—El Paso 1993, no pet.). His conviction was affirmed on April 7, 1993. *See Traylor*, 855 S.W.2d at 26. In 2010, Petitioner was released to parole, which will expire on December 2, 2026, if satisfactorily completed. *See Clerk's Record – 11.07*, *Ex parte Traylor*, No. W91-71401-T(N) at 154-55, 165 (283rd Jud. Dist. Ct., Dallas Cty., Tex. Jan. 26, 2023).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Petitioner filed his first state habeas application relating to his 1992 conviction in 1999, and available public records show that he has filed more than ten additional state habeas applications relating to it since then. *See* Court of Criminal Appeals - Case Search, *available at* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c. His most recent state habeas application, received by the state trial court on December 7, 2022, challenged an alleged August 2020 parole revocation. *See Clerk's Record – 11.07*, *Ex parte Traylor*, No. W91-71401-T(N) at 103-21. The Texas Court of Criminal Appeals denied it without written order on February 22, 2023. *See Ex parte Traylor*, No. WR-45,333-21 (Tex. Crim. App. Feb. 22, 2023).

Petitioner also has filed four prior federal habeas petitions for a writ of habeas corpus under § 2254 challenging his 1992 conviction. *See Traylor v. Dretke*, No. 3:05-CV-413-L (N.D. Tex. Feb. 25, 2005), doc. 1; *Traylor v. Dretke*, No. 3:04-CV-2432-H (N.D. Tex. Nov. 3, 2004), doc. 1; *Traylor v. Dretke*, No 3:04-CV-1315-D (N.D. Tex. June 10, 2004), doc. 1; *Traylor v. Dretke*, No. 3:03-CV-421-G (N.D. Tex. Feb. 27, 2003), doc. 1. The first § 2254 petition was denied and dismissed on the merits on September 12, 2003, and the remaining petitions were dismissed as successive. *See Traylor*, No. 3:03-CV-421-G, doc. 32; *Traylor*, No. 3:05-CV-413-L, doc. 8; *Traylor*, No. 3:04-CV-2432-H, doc. 6; *Traylor*, No. 3:04-CV-1315-D, doc. 7.

On June 9, 2005, Petitioner was barred by this court from pursuing any other federal habeas actions challenging his 1992 conviction absent a showing that the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) had granted him authorization to file a second or successive § 2254 petition, as required by 28 U.S.C. § 2244(b)(3)(A). *See Traylor*, No. 3:05-CV-413-L, doc. 8. The Fifth Circuit also assessed a $200 monetary sanction against Petitioner and barred him from filing any pleading in the circuit or district court concerning the validity of his 1992 conviction or sentence until the sanction was paid. *See In re Traylor*, No. 05-10817 (5th Cir. Aug. 2, 2005).

2

Despite the filing and monetary sanctions imposed against him, he filed a fifth federal habeas petition, which was received on April 10, 2023, challenging in part his 1992 conviction. *See Traylor v. Director*, No. 3:23-CV-754-L-BH (N.D. Tex. Apr. 10, 2023), doc. 2. While it was pending, he paid the monetary sanctions imposed by the Fifth Circuit. *See id.*, doc. 7. He did not comply with the bar to filing successive § 2254 petitions in this court without first obtaining leave from the Fifth Circuit, however, and his claims challenging his 1992 conviction were dismissed with prejudice on May 11, 2023, based on the filing bar. *See id.*, docs. 8-9.

Petitioner again challenges his 1992 conviction on the following grounds:

(1) The Petitioner contends that the evidence is insufficient;

(2) The Petitioner contends that his trial counsel was ineffective assistance [sic];

(3) The state knowingly presented perjury [sic] testimony;

(4) The state knowingly withheld evidence;

(5) The police misconduct;

(6) The Petitioner contends that his indictment is invalid;

(7) The jury misconduct;

(8) Petitioner contends that his sentence is illegal;

(9) The Petitioner contends that his arrest was illegal;

(10)   The Petitioner contends that the judge acted in misconduct [sic];

(11)   The Petitioner contends that his conviction is double jeopardy;

(12)   The [Petitioner] contends that the grand jury failed to 'no bill'; and

(13)   The Petitioner (contends) [sic] that the direct appeal counsel was ineffective assistance [sic].

(doc. 3 at 6-10.)

## II.   FILING SANCTIONS

Notwithstanding the prior sanctions and filing bars imposed against him by the Fifth Circuit and this Court, Petitioner again seeks to collaterally challenge his 1992 conviction and sentence under § 2254. (*See id.*) Although he has paid the monetary sanctions imposed by the Fifth Circuit, he has not shown that he has been granted authorization to file a successive § 2254 petition. Based on the prior filing sanctions imposed on him in this court, he may not proceed with his claims challenging his 1992 conviction and sentence under § 2254 without that authorization. His § 2254 petition should be dismissed absent a showing that he has satisfied the filing sanctions imposed by this court.

## III.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on November 2, 2023 (doc. 3), should be **DISMISSED** with prejudice as barred by the prior filing sanctions imposed against him by this Court.

**SO RECOMMENDED on this 9th day of November, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE